| SUMMONS - CIVIL<br>JD-CV-1  Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations,** contact a court clerk or go to: *www.jud.ct.gov/ADA.* | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

- ☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- ☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- ☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>146 White Street, Danbury, CT 06810 | Telephone number of clerk<br>( 203 ) 207 – 8600 | **Return Date** *(Must be a Tuesday)*<br>02/21/2023 |
|---|---|---|
| ☒ Judicial District      G.A.<br>☐ Housing Session    ☐ Number: ___ | At *(City/Town)*<br>Danbury | Case type code *(See list on page 2)*<br>Major: **V**   Minor: **01** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Howard, Kohn, Sprague & FitzGerald, LLP, 237 Buckingham Street, Hartford, CT 06126 | Juris number *(if attorney or law firm)*<br>028160 |
|---|---|
| Telephone number<br>( 860 ) 525 – 3101 | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>CMH@hksflaw.com |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: Benjamin Recio<br>Address: 60 Bennetts Bridge Road, Sandy Hook, CT 06482 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| **First defendant** | Name: Jahlani Andre Smith<br>Address: 2540 Meadow Crossing Drive, Dallas, North Carolina 28034 | D-01 |
| Additional defendant | Name: MDN Freight, Inc.<br>Address: 1140 E. Kimberly Road, Suite 1B, Davenport, Iowa 52807 | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |

### Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date<br>01/17/2023 | Signed *(Sign and select proper box)*<br>[signature] | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>Christopher M. Harrington, Esq. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)*<br>[signature] | Date<br>01/17/2023 | Docket Number |

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. Use this summons for the case type codes shown below.
   Do *not* use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other |
| | M 68 | Bar Discipline - Inactive Status | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | |
|---|---|
| RETURN DATE:  February 21, 2023 | SUPERIOR COURT |
| BENJAMIN RECIO | J.D. OF DANBURY |
| vs. | AT DANBURY |
| JAHLANI ANDRE SMITH and MDN FREIGHT, INC. | January 17, 2023 |

## COMPLAINT

### FIRST COUNT:  [Negligence]

1. At all times relevant herein, the plaintiff, Benjamin Recio, was and is a resident of Sandy Hook, Connecticut with a residence located at 60 Bennetts Bridge Road.

2. At all times relevant herein, defendant Jahlani Smith was an individual with a residence located at 2540 Meadow Crossing Dr., Dallas, North Carolina 28034.

3. At all times relevant herein, defendant MDN Freight, Inc. is a foreign corporation which is not registered to do business in Connecticut and has a business address located at 1140 E. Kimberly Road, Suite 1B, Davenport, Iowa 52807.

4. On or about May 26, 2021, at approximately 7:30 p.m., the plaintiff was operating his 2018 Mercedes-Benz sedan in a westerly direction on Interstate 84 in Newtown, Connecticut and had come to a complete stop for traffic in front of him when his vehicle was stuck from behind as a result of a chain reaction, multi-vehicle accident involving five other vehicles.

5. On or about May 26, 2021, at approximately 7:30 p.m., defendant Jahlani Smith was operating a 2016 Freightliner tractor, which was owned by defendant MDN Freight, Inc., in a westerly direction on Interstate 84 in Newtown, Connecticut and, with great force, collided with the rear of a 2011 Porsche SUV operated by Jason Hanna (the "Hanna vehicle") which was slowing down or had stopped for traffic in front of his vehicle. The force of the impact by the defendant's vehicle propelled the Hanna vehicle forward where it collided with the rear of a box truck operated by Michael Cavallo (the "Cavallo vehicle"). The force of the impact by the Hanna vehicle propelled the Cavallo vehicle into the rear of a pickup truck operated by Peter Moeller (the "Moeller vehicle"). The force of the impact by the Cavallo vehicle forced the Moeller vehicle into the rear of a sedan operated by Alfredo Leonardo Jimenez Sosa (the "Sosa vehicle"). The force of the impact by the Moeller vehicle forced the Sosa vehicle into the rear of the plaintiff's vehicle.

6. At all times mentioned herein, including at the time of the accident described above, defendant Jahlani Smith was operating a 2016 Freightliner tractor, which was owned by defendant MDN Freight, Inc., as an employee and/or agent of MDN Freight, Inc. or was driving the 2016 Freightliner tractor with the permission, consent and/or authorization of defendant MDN Freight, Inc.

7. As a result of the multi-vehicle collision described above, the plaintiff sustained various significant and debilitating injuries which are described in more detail below.

8. The multi-vehicle collision, described above, and the plaintiff's resulting injuries and losses were proximately caused by the negligence and carelessness of the defendant Jahlani Smith in one or more of the following ways:

   a. He failed to keep a reasonable and proper lookout for other vehicles lawfully on said roadway;

   b. He failed to keep his vehicle under proper and reasonable control;

   c. He failed to turn his vehicle to the left or to the right to avoid the collision with the Hanna vehicle and causing a multi-vehicle accident;

   d. He operated his vehicle at an unreasonable rate of speed in light of the circumstances then and there existing in violation of C.G.S. § 14-218a;

   e. He was inattentive and failed to keep and maintain a reasonable and proper lookout for other vehicles on the roadway;

   f. He failed to apply his brakes in a timely fashion to avoid the collision when, in the exercise of reasonable care, he could and should have done so;

   g. He failed to sound his horn or otherwise signal or warn the plaintiff of the impending collision;

   h. He followed the plaintiff's vehicle more closely than was reasonable with regard for the other traffic upon the highway, road and weather conditions, and in violation of C.G.S. § 14-240;

   i. He failed to make proper use of his faculties and senses so as to avoid the aforementioned incident; and

   j. He operated his vehicle in a careless manner and failed under the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the plaintiff or other on the road way.

3

9. As a result of the carelessness and negligence of defendant Jahlani Smith, the plaintiff, Benjamin Recio, was thrown in and about the interior of the motor vehicle, causing him to sustain and suffer injuries to his: neck, including multi-level herniations; left shoulder; mid-back; and lower back. In addition, the plaintiff sustained a concussion with post-concussion headache syndrome. As a result of the injuries sustained by the plaintiff, some or all of which are permanent in nature, the plaintiff has required injections and may require surgery to his neck and/or shoulder. The plaintiff also sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

10. As a result of the carelessness and negligence of defendant Jahlani Smith, the plaintiff incurred bills and expenses for medical care and treatment and will, in all likelihood, incur additional expenses in the future.

11. As a further result of the carelessness and negligence of defendant Jahlani Smith, the plaintiff sustained a loss of wages and a loss of his earning capacity.

12. As a further result of the carelessness and negligence of defendant Jahlani Smith, the plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

**Second Count:   [Statutory Recklessness]**

1-7.   Paragraphs 1 through 7 of the First Count are hereby incorporated and made Paragraphs 1 through 7 of this, the Second Count.

8.   The multi-vehicle collision, described above, and the plaintiff's resulting injuries and losses were proximately caused by the recklessness of defendant Jahlani Smith in one or more of the following ways:

   a.   He operated the tractor-trailer vehicle in such a manner as to endanger the life, limbs and property of persons lawfully using the highway, and in a reckless manner in violation of C.G.S. § 14-222;

   b.   He operated his tractor-trailer vehicle at such a high rate of speed that he was unable to stop or slow down in time so as to avoid crashing into the rear of the vehicles in front of the tractor-trailer vehicle he was operating;

   c.   He was inattentive in his driving and failed to keep and maintain a reasonable and proper lookout for other vehicles on the roadway;

   d.   He failed to apply his brakes in a timely fashion to avoid the collision when, in the exercise of reasonable care, he could and should have done so;

   e.   He was operating the tractor -trailer vehicle operated a motor vehicle with unsafe tires in violation of C.G.S. § 14-98a; and

   f.   He operated a motor vehicle with brakes which were not in good working order in violation of C.G.S. § 14-80h.

9.   The collisions described above and the Plaintiff's resulting injuries and losses were proximately caused by the conduct of Jahlani Smith, as described above, in that Jahlani Smith deliberately and/or with reckless disregard operated his tractor-trailer in

5

violation of C.G.S. §§ 14-222 and/or 14-227a and such conduct by defendant Jahlani Smith was a substantial factor in causing the plaintiff's injuries and losses.

10. As a result of the recklessness of defendant Jahlani Smith, the plaintiff, Benjamin Recio, was thrown in and about the interior of the motor vehicle, causing him to sustain and suffer injuries to his: neck, including multi-level herniations; left shoulder; mid-back; and lower back. In addition, the plaintiff sustained a concussion with post-concussion headache syndrome. As a result of the injuries sustained by the plaintiff, some or all of which are permanent in nature, the plaintiff has required injections and may require surgery to his neck and/or shoulder. The plaintiff also sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

11. As a result of the recklessness of defendant Jahlani Smith, the plaintiff incurred bills and expenses for medical care and treatment and will, in all likelihood, incur additional expenses in the future.

12. As a further result of the recklessness of defendant Jahlani Smith, the plaintiff sustained a loss of wages and a loss of his earning capacity.

13. As a further result of the recklessness of defendant Jahlani Smith, the plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

Howard, Kohn Sprague & FitzGerald, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

**Third Count:   [Common-Law Recklessness]**

1-7.   Paragraphs 1 through 7 of the First Count are hereby incorporated and made Paragraphs 1 through 7 of this, the Third Count.

8.   The multi-vehicle collision, described above, and the plaintiff's resulting injuries and losses were proximately caused by the recklessness of defendant Jahlani Smith in one or more of the following ways:

   a.   He operated his tractor-trailer vehicle at such a high rate of speed that he was unable to stop or slow down in time so as to avoid crashing into the rear of the vehicles in front of the tractor-trailer vehicle he was operating;

   b.   He was inattentive in his driving and failed to keep and maintain a reasonable and proper lookout for other vehicles on the roadway;

   c.   He failed to apply his brakes in a timely fashion to avoid the collision when, in the exercise of reasonable care, he could and should have done so;

   d.   He was operating the tractor-trailer vehicle operated a motor vehicle with unsafe tires in violation of C.G.S. § 14-98a; and

   e.   He operated a motor vehicle with brakes which were not in good working order in violation of C.G.S. § 14-80h.

9.   The collisions described above and the Plaintiff's resulting injuries and losses were proximately caused by the conduct of Jahlani Smith, as described above, in that Jahlani Smith deliberately and/or with reckless disregard operated his tractor-trailer in violation of C.G.S. §§ 14-222 and/or 14-227a and such conduct by defendant Jahlani Smith was a substantial factor in causing the plaintiff's injuries and losses.

7

10. As a result of the recklessness of defendant Jahlani Smith, the plaintiff, Benjamin Recio, was thrown in and about the interior of the motor vehicle, causing him to sustain and suffer injuries to his: neck, including multi-level herniations; left shoulder; mid-back; and lower back. In addition, the plaintiff sustained a concussion with post-concussion headache syndrome. As a result of the injuries sustained by the plaintiff, some or all of which are permanent in nature, the plaintiff has required injections and may require surgery to his neck and/or shoulder. The plaintiff also sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

11. As a result of the recklessness of defendant Jahlani Smith, the plaintiff incurred bills and expenses for medical care and treatment and will, in all likelihood, incur additional expenses in the future.

12. As a further result of the recklessness of defendant Jahlani Smith, the plaintiff sustained a loss of wages and a loss of his earning capacity.

13. As a further result of the recklessness of defendant Jahlani Smith, the plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

**WHEREFORE,** the Plaintiff claims:

1. Monetary damages;

2. Double and/or treble damages pursuant to C.G.S. § 14-295 as to the Second Count;

3. Punitive damages as to the Third Count;

4. Costs;

5. Any other relief in law or equity that may pertain.

PLAINTIFF,
BENJAMIN REGIO

By_____
Christopher M. Harrington, Esq.
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, Connecticut 06126-1798
(860) 525-3101; Juris No. 28160
His Attorney

9

| | | |
|---|---|---|
| RETURN DATE: February 21, 2023 | : | SUPERIOR COURT |
| BENJAMIN RECIO | : | J.D. OF DANBURY |
| vs. | : | AT DANBURY |
| JAHLANI ANDRE SMITH and MDN FREIGHT, INC. | : : | January 17, 2023 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand in the above-captioned action is greater than $15,000.00 exclusive of interest, costs and attorneys fees.

>PLAINTIFF,
>BENJAMIN RECIO
>
>By_____
>Christopher M. Harrington, Esq.
>Howard, Kohn, Sprague & FitzGerald
>237 Buckingham Street
>Hartford, Connecticut 06126-1798
>(860) 525-3101; Juris No. 28160
>His Attorney

10